UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAMRAN MANSOORIAN and
MAHNAZ SAMEI,

        Plaintiffs,
v.                    Case No. 8:18-cv-1876-T-33TGW

BROCK & SCOTT, PLLC and
OCWEN LOAN SERVICING, LLC,

        Defendants.
_____/

## ORDER

Before this Court is Defendant Brock & Scott, PLLC's Motion to Dismiss Amended Complaint with Prejudice (Doc. # 33), filed on November 7, 2018. Plaintiffs Kamran Mansoorian and Mahnaz Samei responded in opposition on November 9, 2018. (Doc. # 35). For the reasons that follow, the Motion is denied.

### I. Background

On July 31, 2018, Mansoorian and Samei initiated this action against Brock & Scott and Defendant Ocwen Loan Servicing, LLC, alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). (Doc. # 1, 31). The claims are based on a payoff letter and a reinstatement letter sent

1

by Brock & Scott on June 18, 2018. (Doc. # 31 at ¶ 8; Doc. # 31-2).

According to the Amended Complaint, the letters allegedly "have the incorrect amounts listed for Principal, Interest, Escrow Balance, Accrued Late Charges, Property Inspections, Property Maintenance Expense, Title Report Fee, Property Valuation, Civil Litigation, Attorney's Fees and/or Monthly Payments [which] may be likely caused by [Brock & Scott and Ocwen's] attempt to collect amounts that are partially stale or outside of Florida's five (5) year Statute of Limitations." (Doc. # 31 at ¶ 9). Further, the letters also "attempt to collect amounts that [Brock & Scott and Ocwen are] not entitle[d] to collect," such as post-acceleration late fees that are not permitted by law, satisfaction fees that have not been incurred, and attorney's fees that are neither permitted by law nor reasonable. (Id.). Finally, the letters allegedly falsely identify Ocwen as the loan's creditor. (Id. at ¶¶ 20, 33). Mansoorian and Samei allege these defects are related to a prior unsuccessful foreclosure action brought against them by Ocwen, which was represented by Brock & Scott. (Id. at ¶ 9).

Both letters state the amounts required to pay off and

reinstate the loan, the consequences of tendering less than the amounts owed, and the instructions to make payment. (Doc. # 31-2). Additionally, each letter states, "This letter is not a demand for payment or money from you, and should not be interpreted or construed as demand for payment or money from you by [Brock & Scott]." (Id.). However, these disclaimers are expressly contradicted by clauses on the bottoms of the letters, which state, "This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose." (Id.) (capitalization and italics omitted).

Brock & Scott filed the instant Motion to Dismiss Amended Complaint with Prejudice on November 7, 2018. (Doc. # 33). It alleges this action stems from an ongoing foreclosure action in state court against Mansoorian and Samei. (Id. at 2). Brock & Scott, which represents the foreclosing company, further alleges the letters were only sent because counsel for Mansoorian and Samei requested the payoff and reinstatement figures. (Id.). Mansoorian and Samei filed their response to the Motion on November 9, 2018. (Doc. # 35). The Motion is ripe for review.

**II. Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

**III. Analysis**

Brock & Scott argues that each count should be dismissed with prejudice. The Court will address each count in turn.

**A.   FDCPA**

Counts II and IV of the Amended Complaint allege the letters sent by Brock & Scott violated Sections 1692e and 1962f of the FDCPA. (Doc. # 31 at 4-9). To establish a violation of the FDCPA, the plaintiff must show (1) the defendant qualifies as a "debt collector," (2) the challenged conduct was made "in connection with the collection of any debt," and (3) the defendant engaged in an act or omission prohibited by the FDCPA. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012); Delia v. Ditech Fin. LLC, No. 6:16-cv-1901-Orl-31DCI, 2017 WL 2379819, at *2 (M.D. Fla. June 1, 2017). Brock & Scott avers Counts II and IV fail to a claim state under the FDCPA because the letters were not attempts to collect a debt and did not violate the FDCPA.

**1.   Debt Collection Activity**

"Although the FDCPA does not expressly set forth what constitutes collection-related activity, the Eleventh Circuit has held that 'if a communication conveys information about

5

a debt and its aim is at least in part to induce the debtor to pay, it falls within the scope of the Act.'" Roth v. Nationstar Mortg., LLC, No. 2:15-cv-783-FtM-29MRM, 2016 WL 3570991, at *2 (M.D. Fla. July 1, 2016) (quoting Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1302 (11th Cir. 2014)). In determining whether a communication is made in connection with the collection of a debt, some factors to look at are whether the communication references the amount owed, contains an "implicit or explicit demand for payment," or discusses "the repercussions if payment [is] not tendered." Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551, 553-54 (11th Cir. 2015) (per curiam).

In this case, the letters contain implicit demands for payment because they state the amount owed and provide payment and wiring instructions. Id. at 554. Additionally, the letters expressly state they were written by "a debt collector" as "an attempt to collect a debt." See Reese, 678 F.3d at 1217 ("In light of all that language stating that the law firm is attempting to collect a debt, the complaint sufficiently alleges that the notice is a communication related to 'the collection of [a] debt' within the meaning of § 1692e."). Furthermore, the letters also discuss additional

fees, such as daily-accruing interest and legal fees, if payment is tendered at a later date. Finally, the letters discuss the repercussions if the payment tendered is less than the amount due. Pinson, 618 F. App'x at 554.

Brock & Scott avers the letters were not attempts to collect a debt because they were sent in response to the request made by Mansoorian and Samei's counsel. (Doc. # 33 at 4-5). True, a communication sent for informational purposes, rather than in connection with the collection of a debt, does not fall within the FDCPA. See Parker v. Midland Credit Mgmt., Inc., 874 F. Supp. 2d 1353, 1358 (M.D. Fla. 2012) (holding letter that informed debtor of assignment of debt without discussing the underlying debt's details was not subject to the FDCPA). But "[a] communication can have more than one purpose, for example, providing information to a debtor as well collecting a debt." Pinson, 618 F. App'x at 553; see also Trunzo v. Citi Mortg., 876 F. Supp. 2d 521, 536 (W.D. Penn. 2012) ("Responsive communications from debt collectors can easily be both informational and attempts to collect a debt."). Brock & Scott could have limited the letters to only providing the exact payoff and reinstatement figures. Instead, the letters also demanded payment on the underlying

debt.

Furthermore, the letters can still be subject to the FDCPA even if they were prompted by the consumer. For example, allegations that the defendant sent a payoff letter with invalid and mislabeled fees in response to the plaintiff's request during a foreclosure proceeding have been held sufficient to state a claim under the FDCPA. Manrique v. Wells Fargo Bank N.A., 116 F. Supp. 3d 1320, 1325 (S.D. Fla. 2015); see also Pettway v. Harmon Law Offices, P.C., No. 03–CV–10932-RGS, 2005 WL 2365331, at *5 (D. Mass. Sept. 27, 2005) ("[Payoff] letters [sent by creditor's law firm] clearly [fell] within FDCPA's definition of a debt collection communication, whether or not they [were] prompted by the borrower.").

Additionally, Brock & Scott's contention that the FDCPA does not apply to communications sent to a consumer's counsel is likewise unavailing. (Doc. # 33 at 5). The Eleventh Circuit rejected this argument, holding communications directed to a consumer's attorney are actionable under the FDCPA. See Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1277 (11th Cir. 2016) ("We see no basis in the FDCPA to treat false statements made to lawyers differently from false statements

8

made to consumers themselves."); Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) ("[A] debt-collector attorney's representations in court filings and his conduct toward a consumer's attorney are all covered by the FDCPA . . . ."); see also Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (holding a settlement letter sent by the debt collector's attorney to the consumer's attorney was covered by the FDCPA). Indeed, the cases cited to support Brock & Scott's assertion were decided before Bishop and Miljkovic.

In sum, taking all reasonable inferences in favor of Mansoorian and Samei, the Amended Complaint plausibly alleges the letters were an attempt to collect a debt.

## 2. **Prohibited Conduct Under the FDCPA**

"The FDCPA regulates what debt collectors can do in collecting debts." Miljkovic, 791 F.3d at 1297. Specifically, Section 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," provides a nonexhaustive list of prohibited conduct. 15 U.S.C. § 1692e. For example, the statute prohibits false representations about "the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means

9

to collect or attempt to collect any debt." Id. § 1692e(2)(A) & (10). Similarly, Section 1692f prohibits use of "unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f(1).

The Amended Complaint alleges Brock & Scott violated Sections 1692e and 1692f of the FDCPA because the letters include amounts barred by the statute of limitations, identify the wrong creditor, and attempt to collect amounts Brock & Scott is not entitled to collect, such as post-acceleration late fees, satisfaction fees, and attorney's fees. (Doc. # 31 at ¶¶ 9, 20, 33).

Brock & Scott contends in its Motion that the letters do not violate the FDCPA because "the alleged expiration of the statute of limitations on [the] mortgage loan debt that is sought to be collected does not provide a basis for a claim under the FDCPA." (Doc. # 33 at 6) (capitalization and bold typeface omitted). Further, Brock & Scott also argues the letters do not violate the FDCPA because the mortgage permits the collection of post-acceleration fees and attorney's fees. (Id. at 7-8).

In response, Mansoorian and Samei contend their FDCPA claims are not brought against Brock & Scott for "seeking [the] mortgage loan debt, principal and interest[] outside the applicable statute of limitations period." (Doc. # 35 at 11). Instead, Mansoorian and Samei aver their claims are brought for Brock & Scott's "wrongful demand for its attorney's fees and costs related to the Prior Foreclosure Action, which [Brock & Scott] lost over five (5) years ago, well outside the applicable statute of limitations." (Id. at 11-12). Additionally, Mansoorian and Samei contend Brock & Scott did not follow Florida's required procedures to recover attorney's fees in the prior foreclosure, and therefore, is not entitled to attorney's fees under the mortgage. (Id. at 12-13).

Regarding the amounts due under the mortgage besides attorney's fees purportedly barred by the statute of limitations, Brock & Scott correctly notes that a lender does not violate the FDCPA by seeking unpaid amounts that the lender could have sued the mortgagor for more than five years ago. Green v. Specialized Loan Servicing LLC, 280 F. Supp. 3d 1349, 1357-58 (M.D. Fla. 2017); see also Garrison v. Caliber Home Loans, Inc., 233 F. Supp. 3d 1282, 1294 (M.D. Fla. 2017)

11

(holding the statute of limitations defense should be raised as an affirmative defense to an actual collection or foreclosure action, not as an affirmative claim under the FDCPA). Indeed, Mansoorian and Samei do not contest this argument. Furthermore, regarding the post-acceleration fees due under the mortgage, Brock & Scott may very well be entitled to such fees, even if it lost the prior foreclosure. See Patel v. Seterus, Inc., No. 6:14-cv-1585-Orl-41GJK, 2015 WL 13547010, at *4 (M.D. Fla. June 19, 2015) (granting motion to dismiss on FDCPA claim because mortgage permitted collection of all sums "as if no acceleration had occurred"). However, the Amended Complaint also includes other allegations that state a claim for violation of the FDCPA and some that Brock & Scott merely fails to address.

First, regarding the attorney's fees purportedly barred by the statute of limitations, Florida law requires specific procedures be followed to collect attorney's fees. In particular, foreclosure complaints in Florida "require specification of the basis for an award of attorney's fees as well as a demand for fees." Fanelli v. HSBC Bank USA, 170 So. 3d 72, 73 (Fla. 4th DCA 2015). "[F]ailure to set forth a claim for attorney fees in a complaint, answer, or counterclaim, if

12

filed, constitutes a waiver." Green v. Sun Harbor Homeowners' Ass'n, 730 So. 2d 1261, 1263 (Fla. 1998). Additionally, parties must move for attorney's fees within thirty days of dismissal. Fla. R. Civ. P. 1.525. Therefore, even if Brock & Scott is entitled to attorney's fees under the mortgage, it may not be entitled to them now if it failed to follow Florida's procedures in the prior foreclosure action. Whether Brock & Scott followed such procedures and is therefore entitled to attorney's fees from the prior foreclosure is better addressed at summary judgment. At this juncture, though, these allegations that Brock & Scott included amounts it is not entitled to are sufficient to state a claim under the FDCPA.

Second, the Amended Complaint also alleges other FDCPA violations, such as including satisfaction fees that have not been incurred and identifying the wrong creditor, which Brock & Scott fails to address in its Motion. Including amounts not yet incurred could violate the FDCPA. See Prescott v. Seterus, Inc., 635 F. App'x 640, 643-44 (11th Cir. 2015) (holding reinstatement letter that included estimated attorney's fees violated both Sections 1692e and 1692f where the mortgage only allowed for "incurred" or "disbursed" fees). Likewise,

naming the wrong creditor has been found to violate the FDCPA in some circumstances. See Hepsen v. Resurgent Capital Servs., LP, 383 F. App'x 877, 884-85 (11th Cir. 2010) (affirming trial court's conclusion that misidentification of creditor violated the FDCPA). Therefore, such allegations are sufficient to state a claim under the FDCPA.

In sum, Mansoorian and Samei may not be entitled to recover on all of Brock & Scott's alleged violations of the FDCPA. Nonetheless, the Amended Complaint includes enough factual allegations that some of Brock & Scott's conduct may have violated the FDCPA to support Counts II and IV. The Court will not strike the alleged violations of the FDCPA in line-item fashion merely because Brock & Scott contends some of the allegations are insufficient. See Rivera v. JPMorgan Chase & Co., No. 15-20051-CIV-ALTONAGA/O'Sullivan, 2015 U.S. Dist. LEXIS 183883, at *12-13 (S.D. Fla. July 9, 2015) (declining to strike alleged violations of FDCPA when complaint contained sufficient factual allegations to support counts as a whole). Therefore, the Motion to Dismiss as to Counts II and IV is denied.

**B. FCCPA**

Counts I and III of the Amended Complaint allege the

letters sent by Brock & Scott violated Section 559.72(9) of the FCCPA. (Doc. # 31 at 3-4, 6-7). The FCCPA prohibits any person from claiming, attempting, or threatening to enforce a consumer debt "when such person knows that the debt is not legitimate." Fla. Stat. § 559.72(9). Additionally, the FCCPA prohibits any person from "assert[ing] the existence of some other legal right when such person knows that the right does not exist." Id.

According to Brock & Scott, Counts I and III are barred by the litigation privilege because "[a] foreclosure action had previously been filed against [Mansoorian and Samei,] and [Mansoorian and Samei] filed the Notice formally requesting reinstatement and payoff figures within the foreclosure action." (Doc. # 33 at 11) (emphasis omitted).

"Under Florida law, absolute immunity attaches to 'any act occurring during the course of a judicial proceeding, so long as the act has some relation to the proceeding.'" Solis v. CitiMortgage, Inc., 699 F. App'x 891, 894 (11th Cir. 2017) (quoting Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994)) (alteration omitted). The privilege applies to violations of state statutes, including the FCCPA, but is

15

inapplicable to violations of federal statutes. See Yeh Ho v. Wells Fargo Bank, N.A., 739 F. App'x 525, 530 (11th Cir. 2018) ("[T]here is no published opinion of this court, in which Florida's litigation privilege was held to bar a federal claim."). "Yet, the mere existence of FCCPA litigation does not attach the privilege to every communication between litigants; rather, the communication must be analyzed in light of its relation to the litigation." N. Star Capital Acquisitions, LLC v. Krig, 611 F. Supp. 2d 1324, 1331 (M.D. Fla. 2009).

Indeed, while courts have held the litigation privilege bars claims under the FCCPA that are based on documents clearly related to foreclosure proceedings, such as complaints and loan modification documents, "whether a reinstatement letter is substantially related to foreclosure proceedings is less clear." Blake v. Seterus, Inc., No. 16-21225-CIV-JLK, 2017 WL 543223, at *3 (S.D. Fla. Feb. 9, 2017). Moreover, the litigation privilege is an affirmative defense, and therefore, "should ordinarily be asserted in a responsive pleading and considered after the facts are developed on summary judgment or at trial." Gills v. Armfield, No. 8:10-CV-895-T-27TBM, 2011 WL 13175840, at *4 (M.D. Fla. Mar. 30,

16

2011). Nonetheless, the litigation privilege may be considered at the motion to dismiss stage when "the complaint affirmatively and clearly shows the conclusive applicability" of the privilege. Jackson, 372 F.3d at 1277.

Here, the Amended Complaint merely alleges Brock & Scott sent collection letters, which state that Mansoorian and Samei's account was placed in foreclosure and that the letters were sent in response to their request. (Doc. # 31 at 2; Doc. # 31-2). These allegations do not affirmatively and clearly show the litigation privilege applies to the FCCPA claims. See State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC, No. 1:17-CV-20028-KMM, 2018 U.S. Dist. LEXIS 26841, at *37-38 (S.D. Fla. Feb. 16, 2018) (declining to consider litigation privilege at motion to dismiss stage because complaint did not allege participation in litigation or performance of actions related to pending litigation); Barardi v. Select Portfolio Servicing, Inc., No. 16-23381-Civ-Scola, 2017 U.S. Dist. LEXIS 160951, at *13-14 (S.D. Fla. Apr. 4, 2017) (declining to consider litigation privilege at motion to dismiss stage because it was not evident from face of complaint whether reinstatement letter was required or permitted by law during judicial proceeding).

17

As a result, the Court finds that consideration of the litigation privilege is better addressed at the summary judgment stage. See Blake, 2017 WL 543223, at *4 (denying motion to dismiss on FCCPA claim based on reinstatement letter because consideration of litigation privilege was premature); Sandoval v. Wolfe, No. 16-61856-CIV-DIMITROULEAS, 2017 WL 244111, at *5 (S.D. Fla. Jan. 19, 2017) ("[W]hether 'the conduct in question is inherently related to, and occur[ed] during an ongoing judicial proceeding' in the context of [a reinstatement letter] appears to be a factual issue more appropriate for summary judgment or trial." (citation omitted)). Therefore, the Motion to Dismiss as to Counts I and III is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Brock & Scott, PLLC's Motion to Dismiss Amended Complaint with Prejudice (Doc. # 33) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of December, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE